FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 28 2017 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>– against –<br><br>OSHANE JOHNSON,<br><br>Defendant. | 16-CR-593<br><br>Statement of Reasons Pursuant to<br>18 U.S.C. § 3553(c)(2) |

**JACK B. WEINSTEIN, Senior United States District Judge:**

**Appearances**

**For United States:**

Kaitlin Farrell
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201
718-254-6072
kaitlin.farrell@usdoj.gov

**For Defendant:**

Michelle A. Gelernt
Federal Defenders of New York, Inc.
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201
718-330-1204
michelle_gelernt@fd.org

Table of Contents

I.   Introduction ..................................................................................................................1
   A. Offense......................................................................................................................2
   B. Guilty Plea................................................................................................................2
   C. Sentencing Hearing...................................................................................................2
II.  Offense Level, Category, and Sentencing Guidelines Range.....................................3
III. Law..............................................................................................................................3
IV.  18 U.S.C. § 3553(a) Considerations...........................................................................4
V.   Consistency in Sentencing..........................................................................................6
VI.  Sentence......................................................................................................................6
VII. Conclusion..................................................................................................................7

## I. Introduction

This case illustrates what the United States Sentencing Commission concluded in a recent study: there is "little apparent association between the length of imprisonment and recidivism for drug trafficking offenders." *See* U.S. Sentencing Comm'n, Recidivism Among Federal Drug Offenders 3 (2016). The study found that federal drug offenders released from incarceration had a higher rearrest rate than offenders released into a probationary sentence. It concluded that a federal offender's criminal history is closely "correlated with recidivism rates. . . . Each additional criminal history point [i]s generally associated with a greater likelihood of recidivism." *Id.* A drug offender who does not have a significant criminal history is less likely to recidivate. *Id.* In general, imposing a long sentence on such an individual would be excessive and unnecessary. These Sentencing Commission studies must be viewed with caution; the groups compared are biased in selection towards the final result. Nevertheless, the caution against over-sentencing is useful. It was helpful in the sentence described below.

Oshane Johnson is a 23 year old Jamaican citizen who had no prior criminal record. Presentence Investigation Report, Feb. 10, 2017 ("PSR") at 2. On January 4, 2017, he pled guilty to one count of importation of cocaine into the United States. *See* 21 U.S.C. § 952(a); 21 U.S.C. § 960(a)(1); 21 U.S.C. § 960(b)(3); Guilty Plea Transcript, Jan. 4, 2017, ECF No. 13

("Pleading Tr."). On March 15, 2017, Mr. Johnson was sentenced to time served of 5 months, supervised release for 3 years, and a $100 special assessment. *See* Sentencing Hr'g Tr., Mar. 15, 2017 ("Sent. Hr'g"). Immediately following his release from incarceration, he will be deported. *See id.*

### A. Offense

On October 22, 2016, Mr. Johnson traveled aboard a flight leaving from Kingston, Jamaica, and arriving in Queens, New York. PSR at ¶ 2. Upon arrival at John F. Kennedy International Airport ("JFK"), he was examined by Customs and Border Protection ("CBP"). *Id.* Defendant appeared nervous and was avoiding eye contact. *Id.* He admitted to swallowing narcotics. An x-ray examination of his intestinal tract revealed the presence of foreign bodies. *Id.* Thirty-four pellets were passed. They tested positive for cocaine with a total gross weight of 488.7 grams. *Id.*

Mr. Johnson admitted that he had been asked to engage in the offense while at the passport office in Kingston, Jamaica by an individual known to him as "Buma." *Id.* at ¶ 3. Buma told defendant that he would be paid $3000 for the smuggling trip, purchased his plane ticket, and provided him with $100. *Id.*

### B. Guilty Plea

He pled guilty to one count of importation of cocaine, an offense that carries a maximum term of imprisonment of 20 years. 21 U.S.C. § 960(b)(3). The statutory provisions and Sentencing Guidelines ("Guidelines") require 3 years of supervised release. 21 U.S.C. § 960(b)(3); U.S.S.G. § 5D1.2(c).

### C. Sentencing Hearing

The sentencing proceedings were videotaped to record courtroom atmosphere, as well as some of the subtle factors and considerations that a district court must consider in imposing a

2

sentence. *See* 18 U.S.C. § 3553(a); *In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (describing the value of video recording for the review of sentences on appeal). No friend or relative appeared at the sentencing to support defendant; he had none in the United States.

## II. Offense Level, Category, and Sentencing Guidelines Range

Defendant's base offense level is 22. *See* PSR at ¶ 8. This was reduced by: 2 points pursuant to U.S.S.G. section 2D1.1(b)(17) and 5C1.2 because defendant provided complete and truthful information pertaining to the offense; 4 points pursuant U.S.S.G. section 3B1.2(a) because defendant was a minimal participant; 2 points pursuant to U.S.S.G. section 3E1.1(a) for defendant's acceptance of responsibility; and 1 point pursuant to section 3E1.1(b) for the timely manner in which defendant indicated he intended to enter a plea. *Id.* at ¶¶ 9-16; Addendum to the Presentence Report, Mar. 15, 2017 ("Addendum"), at 1. The total adjusted offense level is 13. PSR at ¶ 17; Addendum at 1. There is no criminal history. The Guidelines sentencing range is 12 to 18 months. *See* U.S.S.G. Ch. 5 Pt. A; PSR at ¶ 44; Addendum at 1.

## III. Law

Pursuant to the Supreme Court's decision in *United States v. Booker*, the Guidelines are advisory; a sentencing court may depart from the Guidelines in the interest of justice as well as in light of other statutory concerns as expressed in section 3553(a). *United States v. Booker*, 543 U.S. 220, 245-46 (2005); *see also United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) ("It is now, however, emphatically clear that the Guidelines are guidelines – that is, they are truly advisory. A district court may not presume that a Guidelines sentence is reasonable; it must instead conduct its own independent review of the sentencing factors, aided by the arguments of the prosecution and defense." (footnote omitted)).

The court's written statement of reasons must be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under §

3

3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006), *abrogated in part on other grounds by Kimbrough v. United States*, 552 U.S. 85 (2007). Such a statement should demonstrate that the court "'considered the parties' arguments' and that it has a 'reasoned basis for exercising [its] own legal decisionmaking authority.'" *Cavera*, 550 F.3d at 193 (alteration in original) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)).

In view of the excessive incarceration rates in the recent past and their unnecessary, deleterious effects on individuals sentenced, society, and our economy, parsimony in incarceration is encouraged. *See, e.g.*, 18 U.S.C. § 3553(a) ("The court shall impose a sentence sufficient, but not greater than necessary."); National Research Council of the National Academies, *The Growth of Incarceration in the United States, Exploring Causes and Consequences* 8 (2014) ("*Parsimony*: the period of confinement should be sufficient but not greater than necessary to achieve the goals of sentencing policy.").

## IV.     18 U.S.C. § 3553(a) Considerations

Mr. Johnson's father and mother never married. PSR at ¶ 25. His father owns a funeral home and resides in Kingston, Jamaica. *Id.* His mother was a nurse. She died in 2013 at the age of 32. *Id.* Mr. Johnson was raised in a middle class environment by his mother, with whom he enjoyed a close and loving relationship. *Id.* at ¶¶ 25-26. His father was rarely involved in his life and provided no financial support while he was growing up. Since his mother's death, he and his father have been building their relationship, and his father is supportive. *Id.* at ¶ 25.

Prior to his arrest, he was living with his girlfriend, with whom he had two children, 3 and 5 years old. *Id.* at ¶ 27. Mr. Johnson is close to them. He was their primary caretaker. Since Mr. Johnson's arrest, his girlfriend has been supporting herself and their children. She is a security worker for the Jamaican Ministry of Health. *Id.* at ¶ 28. After Mr. Johnson's arrest, she

was forced from their home by warring rival gangs in Kingston. She and the children are now residing with her sister. *Id.* at ¶¶ 27-28.

Mr. Johnson was diagnosed with a heart murmur in 2008. *Id.* at ¶ 31. He was prescribed medication for this condition, but ceased taking it in 2013 because of financial hardship precipitated by his mother's death. *Id.* He has no history of mental or emotional health problems or substance abuse. *Id.* at ¶¶ 32-33.

He graduated from high school in Jamaica in 2010. *Id.* at ¶ 34. Before 2013, he was unemployed and supported financially by his mother. *Id.* at ¶ 38. Between 2013 and his arrest, he was self-employed sporadically as a cook, food vendor, and clothing merchant. *Id.* at ¶¶ 36-37. He was forced to abandon one job when the extortion payments he was required to make to local gangs became too great. *Id.* at ¶ 37.

Before his arrest, he was attempting to move his family from Kingston, to avoid gang violence. *See* Sent. Hr'g. This offense was committed in hopes of obtaining enough money to pay for the move. *Id.* He does not have sufficient assets to pay a fine. *Id.* at ¶ 40.

Since his arrest, defendant has shown extreme remorse for this conduct. He accepted responsibility and provided information to the government relating to the offense. PSR at ¶¶ 15-16; Sent. Hr'g. The interests of justice are best served by allowing him to return to Jamaica immediately. The cost to taxpayers to imprison him here would be approximately $32,000 annually. *See* Mem. from the Admin. Office of the U.S. Courts, Cost of Community Supervision, Detention, and Imprisonment (June 24, 2016). Imposing a custodial sentence would require the United States to pay for defendant's incarceration, while preventing him from supporting his family.

## V. Consistency in Sentencing

This court has been attempting to rationalize its sentences by establishing general criteria for 'similar' cases. With respect to cases in which defendant is a noncitizen facing deportation following incarceration, "[c]onsidering the grave hardships deportation entails, the nation's present deportation policy, and the core purposes of criminal sentencing, *see* 18 U.S.C. § 3553, imposition of minimal prison time with prompt deportation should be normal in such cases—subject to variations for individual circumstances." *United States v. Chin Chong*, No. 13-CR-570, 2014 WL 4773978, at *1 (E.D.N.Y. Sept. 24, 2014); *see also United States v. Sarpong*, No. 14-CR-242, 2014 WL 5363775, at *2 (E.D.N.Y. Oct. 21, 2014) (accounting for prospect of deportation when imposing a term of incarceration); *United States v. Palaguachy*, No. 14-CR-0184, 2014 WL 6606668, at *2 (E.D.N.Y. Nov. 19, 2014) (same); *United States v. Florez Parra*, No. 14-CR-332, 2015 WL 105885, at *2 (E.D.N.Y. Jan. 7, 2015) (same); *United States v. Chery*, No. 16-CR-181, 2016 WL 4491720, at *3 (E.D.N.Y. Aug. 25, 2016) (same); *United States v. Solomon*, No. 16-CR-286, 2016 WL 6634913, at *4 (E.D.N.Y. Nov. 8, 2016) (same).

## VI. Sentence

Under section 3553(a)(2)(B) of title 18, a sentencing court must consider two major factors: general and specific deterrence. In light of the nature of the offense and the characteristics of defendant, Mr. Johnson is sentenced to time served of 5 months. *See* Sent. Hr'g. A $100 special assessment was imposed. 18 U.S.C. § 3013. No fine was imposed in light of defendant's inability to pay one. *See* Sent. Hr'g. Three years of supervised release was ordered. *See id.* The remaining open count of possession with intent to distribute cocaine was dismissed on the government's motion. *See id.*

General and specific deterrence are achieved by the sentence imposed. Mr. Johnson pled guilty to a serious offense. He has expressed genuine remorse for his conduct. He will be

deported and will suffer the collateral consequences of a felony conviction. As a first time offender, it is highly unlikely that he will again violate the laws of the United States. *See* U.S. Sentencing Comm'n, Recidivism Among Federal Drug Offenders (2016).

## VII. Conclusion

All relevant elements of the Guidelines and statutes have been considered. Respectful consideration was given to the Sentencing Commission's policy statements, studies, and all other factors listed under section 3553(a) of title 18, to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a).

                                                Jack B. Weinstein
                                                Senior United States District Judge

Dated: March 22, 2017
       Brooklyn, New York